IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)


KITT V. KITT


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


VICKY KITT, APPELLEE,

V.

WESLEY KITT, NOW KNOWN AS DUKHAN MUMIN, APPELLANT.


Filed May 12, 2026.    No. A-25-619.


Appeal from the District Court for Douglas County: JEFFREY J. LUX, Judge. Affirmed.

Dukhan Mumin, pro se.

No appearance for appellee.


MOORE, PIRTLE, and WELCH, Judges.

MOORE, Judge.

### INTRODUCTION

Wesley Kitt, now known as Dukhan Mumin (referred to herein as "Kitt"), appeals from the order of the Douglas County District Court which denied his motion to vacate a 1985 default judgment entered against him in proceedings filed by Vicky Kitt. We affirm.

### STATEMENT OF FACTS

On June 25, 2025, Kitt filed a motion to vacate a 1985 default judgment requiring him to pay child support, asserting that the judgment was void as he had not received service of process with respect to a motion and notice for default judgment. Kitt alleged that the certified mail receipt that was offered by the State at a hearing on a prior motion to vacate had never been filed with the clerk of the district court and that it was not his signature on the return receipt but, rather, was a forgery. Kitt attached a copy of the findings of a handwriting expert who determined that the signature on the return receipt was not Kitt's signature. Also attached are copies of the documents,

or portions of documents, apparently relied on by the expert in making her determination, including the certified mail return receipt, two different petitions for divorce filed by Kitt in 1990, a motion to proceed in forma pauperis and supporting affidavit signed in 1990, and several "Consent to Automatic Income Withholding" forms signed by Kitt in 1992 and 1993.

A hearing was held on Kitt's motion on August 4, 2025. Kitt appeared, self-represented; Vicky did not appear. Although Kitt was not sworn to testify, he argued that the certified mail return receipt was presented by the State at a 2022 proceeding, at which time Kitt stated it was not his signature. Kitt asserted that the return was "never in the court file" and he didn't discover it until 2022. This prompted him to hire a handwriting expert. We note the report from this individual was not prepared until 2024. Kitt did not offer this report in evidence. Kitt went on to argue that because he was not served, he was not notified of the default hearing.

On August 7, 2025, the district court entered an order denying Kitt's motion to vacate judgment. The court took judicial notice of the "Justice Court file." The court stated that Kitt "again argued that he was never served with the Notice of Default Judgment back in 1985," noting that he "has argued multiple versions of this argument over the years." The court recognized that Kitt attached a more recent handwriting expert's opinion to his motion that asserts that the signature on the certified mail service receipt is not Kitt's; however, the court concluded that the argument that he was not properly served and did not sign the certified mail receipt was available for Kitt to assert at the time a direct appeal could have been taken from "the Decree entered on October 1, 1985."

## ASSIGNMENTS OF ERROR

Kitt assigns that the district court erred by (1) failing to recognize that a void judgment can be attacked at any time, (2) ruling that Kitt "failed to appeal a prior ruling on a motion to vacate filed by him," and (3) failing to grant his motion to vacate "because he did not have prior notice pursuant to the due process clause, which is mandatory before entering a judgment of default." Brief for appellant at 5.

## STANDARD OF REVIEW

An appellate court will reverse a decision on a motion to vacate or modify a judgment under the statutory grounds listed in Neb. Rev. Stat. § 25-2001 (Reissue 2016) only if the litigant shows that the district court abused its discretion. *Jaksha v. Jaksha*, 319 Neb. 308, 21 N.W.3d 690 (2025). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

A decision on a motion to vacate or modify a judgment based on a trial court's equitable jurisdiction is reviewed de novo on the record. See *id.*

## ANALYSIS

Combined, Kitt argues that the 1985 default judgment entered against him was void because he was not properly served or notified of the default judgment hearing.

Our record is devoid of any evidence in the bill of exceptions to support Kitt's assertions. First, we do not have the default judgment entered in 1985. Second, we do not have any record

from the 2022 proceedings to vacate the default judgment alluded to by Kitt at which the certified mail return receipt was allegedly produced. Although the district court indicated it was taking judicial notice of the "Justice Court File," we have not been apprised what documents were noticed. Papers requested to be judicially noticed must be marked, identified, and made a part of the bill of exceptions. *Trausch v. Hagemeier*, 313 Neb. 538, 985 N.W.2d 402 (2023). To the extent Kitt's handwriting expert's opinion should have been considered in the instant action, it was not offered in evidence and is not contained in our bill of exceptions.

A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made part of the bill of exceptions may not be considered. *Larsen v. Sarpy Cty. Sch. Dist. No. 77-0027*, 319 Neb. 823, 25 N.W.3d 185 (2025). It is incumbent on the party appealing to present a record that supports the errors assigned; absent such a record, as a general rule, the decision of the lower court as to those errors will be affirmed. *Czech v. Allen*, 318 Neb. 904, 21 N.W.3d 1 (2025). Kitt has failed to provide a record to support his assigned errors. As such, we do not address them further, and the judgment of the district court is affirmed.

## CONCLUSION

Kitt has failed to present a record sufficient to support his assigned errors. Accordingly, we affirm the district court's order denying his motion to vacate.

AFFIRMED.